Mark A. Sandberg
Sandberg, Wuestenfeld & Corey
701 W 8th Avenue, Ste. 1100
Anchorage, Alaska 99501
(907) 276-6363

Attorney for Defendant
ReMax and Randy Comer

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY M. STAHLMAN, and <br> THE STAHLMAN ARMS BIG TIMBER <br> SUITES AND APARTMENTS, LLC <br><br> Plaintiffs, <br><br> vs. <br><br> MUNICIPALITY OF ANCHORAGE, <br> A Municipal Corporation, <br> RE/MAX PROPERTIES, INC., and <br> RANDY D. COMER, individually, <br><br> Defendants. | Case No. A05-298 CV (TMB) |

## ANSWER

Re/Max Properties, Inc. and Randy D. Comer (collectively, ReMax) answer the complaint as follows:

1. Denied for lack of information.

2. Denied for lack of information.

3. The allegations of this paragraph are directed to the defendant Municipality of Anchorage (Municipality) and do not require a response from ReMax.

4. Admit.

5. Admit.

6. Admit that Terry Stahlman (Stahlman) signed an Earnest Money Receipt and Agreement to Purchase on April 19th, 2003, to purchase the property at 2037 East 5th Avenue, Anchorage. Any further allegations are denied.

7. Admit that ReMax represented Mohammad Ali in this transaction. Any further allegations are denied.

8. Denied for lack of information.

9. Denied for lack of information.

10. Denied.

11. Denied.

12. Admit that the sale closed and ReMax was paid a commission. Any further allegations are denied.

13. Admit that a deed was recorded and title transferred to Stahlman.

14. Denied for lack of information.

15. Admit that on May 1, 2003, a lawyer acting on behalf of Stahlman wrote to Randy Comer and accused Mohammad Ali of making misrepresentations. Also admit the letter contends the transaction between Stahlman and Ali is void. Any further allegations are denied.

16. Denied.

17. Denied for lack of information.

18. Admit that ReMax assisted in obtaining a Certificate of Occupancy. Any further allegations are denied.

19. Denied.

20. Denied.

21. ReMax admits that the Municipality issued an inspection report for the property on March 16th, 2005. Any further allegations are denied.

22.-29. The allegations of these paragraphs are directed to the Municipality and do not require a response from ReMax. To the extent a response is required, they are denied.

30. ReMax restates all admissions and denials.

31. Denied.

32. The allegations of this paragraph are directed to the Municipality and do not require a response from ReMax. To the extent a response is required, they are denied.

33. The allegations of this paragraph are directed to the Municipality and do not require a response from ReMax. To the extent a response is required, they are denied.

34. Denied.

35. ReMax restates all admissions and denials.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. ReMax restates all admissions and denials.

41. Denied.

42. Denied.

43. ReMax restates all admissions and denials.

44. Denied.

45. Denied.

46. ReMax restates all admissions and denials.

47. Denied.

48. Denied.

49. Denied.

50. ReMax restates all admissions and denials.

51. This paragraph alleges a legal conclusion rather than alleging facts. To the extent a response is required, it is denied.

52. Denied.

53. Denied.

## FIRST AFFIRMATIVE DEFENSE

There is no privity between Stahlman and ReMax. ReMax does not owe Stahlman the legal duty owed to its own clients.

## SECOND AFFIRMATIVE DEFENSE

This property was sold "as is". ReMax made no warranties, either express or implied, regarding the completeness or accuracy of any information. Stahlman was obligated to conduct his own due diligence investigation.

## THIRD AFFIRMATIVE DEFENSE

Stahlman's recovery, if any, must be diminished in proportion to his own comparative fault.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' lack standing to bring this lawsuit.

### SIXTH AFFIRMATIVE DEFENSE

This lawsuit is barred by the applicable statute of limitations.

WHEREFORE, ReMax requests that judgment entered dismissing the complaint and awarding ReMax reasonable costs and attorney fees.

DATED this 25th day of January, 2006, in Anchorage, Alaska.

> s/ Mark A. Sandberg
> 701 W 8th Avenue, Ste. 1100
> Anchorage, Alaska 99501
> Phone: (907) 276-6363
> Fax: (907) 276-3528
> E-Mail: msandberg@aol.com
> ABA: 7510084

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January 2006 a copy of the foregoing Answer was served electronically and by regular U.S. Mail on:

Peter C. Gamache, Esq.
Law Office of Peter C. Gamache
405 W. 36th Avenue, Suite 201
Anchorage, AK 99503

Joshua M. Freeman, Esq.
Assistant Municipal Attorney
Municipality of Anchorage
P.O. Box 196650
Anchorage, Alaska 99519


s/ Mark A. Sandberg