Joshua M. Freeman
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
(907) 343-4545

Attorney for Defendant
Municipality of Anchorage

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY M. STAHLMAN, and<br>THE STAHLMAN ARMS BIG TIMBER<br>SUITES AND APARTMENTS, LLC<br><br>.          Plaintiffs,<br><br>    v.<br><br>MUNICIPALITY OF ANCHORAGE,<br>A Municipal Corporation,<br>RE/MAX PROPERTIES, INC., and<br>RANDY D. COMER, individually,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

U.S. District Court Case No. A05-298CV (TMB)

## MOTION TO DISMISS

Defendant Municipality of Anchorage (Municipality) moves the court to dismiss

Plaintiffs' claims. Plaintiffs have failed to state claims upon which relief can be granted.

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Municipality's motion to dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 1 of 14

## MEMORANDUM OF POINTS AND AUTHORITIES

Civil rule 12(b)(6) allows dismissal for failure to state claims upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). For purposes of this motion, the Municipality does not dispute the facts asserted by the Plaintiffs to support their claims. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002) ("On a motion to dismiss, the reviewing court must accept plaintiff's allegations as true and construe them in the light most favorable to the plaintiff." (citation omitted)). However, even without dispute, Plaintiffs' "'facts in support of his claim… [do not] entitle him to relief.'" *Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46, (1957).

## INVERSE CONDEMNATION

The United States constitution guarantees that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V. The Alaska constitution states: "Private property shall not be taken or damaged for public use without just compensation." Alaska Const. art. I, § 18. While it has similar language, the Alaska constitution provides greater property protection than the United States constitution. *See Spinell Homes, Inc., v. Municipality of Anchorage*, 78 P.3d 692, 702 (Alaska 2003) ("The Alaska Constitution provides greater protection for property owners than does the Fifth Amendment of the United States Constitution." (footnote omitted)).

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Municipality's motion to dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 2 of 14

## Traditional Taking

A traditional "taking" by the government consisted in formally condemning a landowner's property for public use and obtaining the fee simple through eminent domain proceedings. *See U. S. v. Clarke*, 445 U.S. 253, 255 (1980) (describing a traditional "taking."). Plaintiffs' have not claimed a traditional taking through eminent domain proceedings.

## Regulatory Taking

The modern view holds that a "taking" may also occur through government regulation. *See Lingle v. Chevron U.S.A. Inc.*, 544 U.S. ----, ----, 125 S.Ct. 2074, 2081 (2005) (*quoting Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922) (stating that "while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking.")). Compensation for a regulatory taking under both federal and state law is accomplished by means of filing suit against the government pursuant to the doctrine of inverse condemnation. *See First English Evangelical Lutheran Church of Glendale v. Los Angeles County, Cal.*, 482 U.S. 304, 316 (1987) ("We have recognized that a landowner is entitled to bring an action in inverse condemnation as a result of "the self-executing character of the constitutional provision with respect to compensation." (quotation omitted) (citations omitted)); *Anchorage v. Sandberg*, 861 P.2d 554, 558 (Alaska 1993) ("Government actions become "takings" under principles of inverse condemnation when a private land owner is forced to bear an unreasonable burden as a

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Municipality's motion to dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 3 of 14

result of the government's exercise of power in the public interest." (citation omitted)). Plaintiffs' allege the Municipality has inversely condemned their property. *See* Pls.' Compl. at 5.

### **Plaintiffs' inverse condemnation claim fails because it is not ripe**

A claim for inverse condemnation is not ripe until the land-use authority has an opportunity to decide and explain the challenged regulation. *See Palazzolo v. Rhode Island*, 533 U.S. 606, 618-21 (2001) (stating that in accordance with prior precedent: "[A] takings claim challenging the application of land-use regulations is not ripe unless the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." (quotations omitted) (citations omitted)). This allows regulatory agencies discretion to consider development plans for the property and grant any variances or waivers allowed by law. *See id.* It also provides a more complete record of facts, since a court cannot determine "whether a regulation has gone 'too far' unless it knows how far the regulation goes." *MacDonald, Sommer & Frates v. Yolo County*, 477 U.S. 340, 348 (1986).

Alaska case law has not articulated a clear position regarding when a claim for inverse condemnation is ripe. *See White v. State, Dept. of Natural Resources*, 14 P.3d 956 (Alaska 2000); *Ehrlander v. State, Dept. of Transp. and Public Facilities*, 797 P.2d 629 (Alaska 1990). However, there is no reason to believe Alaska would not follow the lead of the Supreme Court and other states that have concluded ripeness is a prerequisite

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Municipality's motion to dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 4 of 14

to an inverse condemnation claim. *See Dunn v. County of Santa Barbara*, 38 Cal.Rptr.3d 316, 330 (Cal. Ct. App. 2006) ("A takings claim challenging the application of regulations to particular property must be ripe for consideration. Such a claim is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." (quotations omitted) (citation omitted)); *Murray v. State,* 124 P.3d 1261, 1268 (Or. Ct. App. 2005) ("Before it can be determined… if government regulations have gone so far as to constitute a taking, there must be a final decision from the government regulatory body regarding the application of the regulations to the property at issue." (citations omitted)); *Saddle Mountain Minerals, L.L.C. v. Joshi*, 95 P.3d 1236, 1241 (Wash. 2004) ("Where a land owner has not sought a variance or waiver from land use restriction, a taking claim is not ripe.").

Plaintiffs allege the Municipality inspected their property on May 22, 2003 and found 38 code violations. *See* Pls.' Compl. at 4 ¶ 19. Plaintiffs allege that this constituted a taking of Plaintiffs' property. *See id.* at 5 ¶ 27. However, Municipal code provided Plaintiffs' with the right of appeal to the board of building examiners and appeals (building board). *See* AMC 23.65.705.1.1 ("The appeal shall be filed within 30 days from the date of the service of such order or action of the code official."). Plaintiffs never appealed the inspector's citation for code violations. Plaintiffs' claim for inverse condemnation is not ripe and must be dismissed because, "the government entity charged

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Municipality's motion to dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 5 of 14

with implementing the regulations has [not] reached a final decision regarding the application of the regulations to the property at issue." *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 186 (1985).

### Plaintiffs' inverse condemnation claim fails because it is not a per se regulatory taking

There are two types of *per se* regulatory takings compensable through inverse condemnation:  (1) The landowner suffers <u>permanent</u> physical invasion of the landowner's property; or (2) government regulations deprive the landowner of <u>all</u> economically beneficial use of the property.  *See Lingle*, 125 S.Ct. at 2081 (citations omitted); *Spinell*, 78 P.3d at 702 (stating that *per se* taking did not occur because there was no physical invasion, or complete deprivation of <u>all</u> economic value in the property).

Plaintiffs' have not alleged a permanent physical invasion.  Nor have Plaintiffs alleged municipal building and fire code have deprived Plaintiffs of <u>all</u> economically beneficial use of their property.  Any claim by Plaintiffs founded upon a *per se* regulatory taking under federal or state law must be dismissed.

### Plaintiffs' inverse condemnation claim fails because it is not a regulatory taking under Penn Central

Outside of the two *per se* categories, the Supreme Court also recognizes partial regulatory takings as set forth in *Penn Cent. Transp. Co. v. New York City*, 438 U.S. 104 (1978).  In the Ninth Circuit and in Alaska, partial regulatory takings are examined through ad-hoc analysis.  *See Washington Legal Foundation v. Legal Foundation of*

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Municipality's motion to dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 6 of 14

*Washington*, 271 F.3d 835,856-57 (9th Cir. 2001); *Spinell*, 78 P.3d at 702 (stating that if taking is not *per se*, then court will engage in case-specific determination).

As stated by the Supreme Court, ad-hoc analysis is a balancing test that focuses, "upon the magnitude of a regulation's economic impact and the degree to which it interferes with <u>legitimate</u> property interests." *Lingle*, 125 S.Ct. at 2082 (emphasis added).

Doubtless the Municipality's building and fire code has an economic impact on Plaintiffs as it does on all landowner within the Municipality. But is the economic impact such that Plaintiffs are the sole bearers of this burden? The answer is no, Plaintiffs are not alone. They are part of a class that includes all landowners in the Municipality. *See Washington Legal Foundation*, 271 F.3d at 857 (stating that an ad-hoc taking may only occur if a particular regulation, "goes so far that it forces some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.").

The economic impact must be balanced against a <u>legitimate</u> property interest, and a <u>legitimate</u> property interest for any landowner does not include the right to open to the public a building that is unsafe. *See Penn Central,* 438 U.S. at 144-45 (noting that the Supreme Court has a history of upholding land-use regulations that destroyed or adversely affected recognized real property interests in cases where the health, safety, morals and general welfare are promoted).

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Municipality's motion to dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 7 of 14

In *Devines v. Maier*, the Seventh Circuit applied the balancing test from *Penn Central* and held that a city may not be held liable for enforcement of the building code since it would be "manifest injustice and contrary to the best interests of society to penalize the… [city] for properly enforcing its building code…." *Devines v. Maier*, 728 F.2d 876, 886 (7th Cir. 1984); *see also Appolo Fuels, Inc. v. U.S.*, 381 F.3d 1338, 1351 (Fed. Cir. 2004) (holding that under *Penn Central* government actions designed to protect health and safety outweigh economic injury even if <u>severe</u>); *Trailer Haven MHP, LLC v. City of Aurora*, 81 P.3d 1132 (Colo. Ct. App. 2003) (concluding that, after referencing *Penn Central*, enforcement of space regulations in a trailer park for health reasons was a reasonable exercise of police powers). This is the case even when application of the city health code to private property requires expenditure of money by the landowner. *See D.A.B.E., Inc. v. City of Toledo*, 393 F.3d 692, 696 (6th Cir. 2005) (*citing Third & Catalina Associates v. City of Phoenix*, 895 P.2d 115, 120-21 (Ariz. Ct. App. 1995)).

The Municipality has the right to protect the public from safety hazards. *See Great Atlantic & Pac. Tea Co., Inc. v. Cottrell*, 424 U.S. 366, 371 (1976) (holding that states "retain 'broad power' to legislate protection for their citizens in matters of local concern such as public health…." (citations omitted)). The Municipality also has the duty to protect the public. *See Camara v. Municipal Court of San Francisco*, 387 U.S. 523, 537 (1967) ("[T]he public interest demands that all dangerous conditions be prevented or abated…."). Whatever the economic impact of the Municipality's building

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Municipality's motion to dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 8 of 14

and fire codes – which are applicable to all landowners within the Municipality – they are negligible when compared to the value of a building that is safe for the public. Any claims for a regulatory taking under federal and state law should be dismissed.

### Plaintiffs' inverse condemnation claim fails because a Certificate of Occupancy is not a protected property interest

Property interests are not created by the constitution but are defined by state or local law. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972) ("Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law."), *cited in Town of Castle Rock, Colorado v. Gonzales*, 125 S.Ct. 2796, 2803 (2005); *see also State, Dept. of Military and Veterans Affairs v. Bowen*, 953 P.2d 888, 897-98 (Alaska 1998) (upholding superior court finding that property interests are defined by, "existing state laws, rules, or customs.").

Plaintiffs allege that the Certificate of Occupancy issued by the Municipality on May 22, 2003 created a protected property interest of substantial merit and value. *See* Pls.' Compl. at 5 ¶ 25. Municipal code states differently: "Issuance of a certificate of occupancy shall not be construed as an approval of a violation of the provisions of this code or of other ordinances of the jurisdiction." AMC 23.10.309.1.

This is in accordance with the Alaska Supreme Court which concluded there is no protected property interest in a Certificate of Occupancy. *See Spinell*, 78 P.3d at 701

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Municipality's motion to dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 9 of 14

(stating that because there was no mandatory duty to issue a certificate of occupancy, it was not possible for plaintiff to establish a protected property interest in a Certificate of Occupancy). Based on federal and state precedent, and municipal code, Plaintiffs' claims for inverse condemnation based on a property interest in the Certificate of Occupancy must be dismissed since Plaintiffs have no property interest in a Certificate of Occupancy.[1]

### DUE PROCESS (42 U.S.C. § 1983)

The statute of limitations for claims under 42 U.S.C. § 1983 is the statute of limitations for personal injury actions in the forum state. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Alaska's statute of limitations for tort actions is two years. *See* AS 09.10.070. Failure to file a § 1983 claim within two years results in dismissal. *See Sengupta v. Wickwire*, 124 P.3d 748, 751 (Alaska 2005) (affirming summary judgment because plaintiff failed to file 42 U.S.C. § 1983 claim within two years).

The limitations period begins when a party knows or should have known the party had a claim. *See Sengupta v. University of Alaska*, 21 P.3d 1240, 1249 (Alaska 2001). This is usually the date the injury occurs. *See id.* An exception to this rule is the continuing violation theory. *See id.* But this exception does not apply if the party's actions indicate the party knew its rights were violated at a certain point in time. *See id.*

---

[1] Nor does a Certificate of Occupancy suggest the future viability of a commercial venture as implicated by Plaintiffs' complaint: "Because the Certificate of Occupancy issued by the Municipality was unconditional, the plaintiffs reasonably believed that the hotel was a viable commercial venture…." See Pls.' Compl. at 5 ¶ 25.

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Municipality's motion to dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 10 of 14

Here Plaintiffs' claim cannot survive a motion to dismiss. They filed the instant complaint on November 23, 2005, <u>over</u> two years and six months after the issuance of the May 22, 2003 Certificate of Occupancy. And even if it is true that the Municipality issued subsequent citations and threats to close the hotel, Plaintiffs were aware of their alleged claim on May 22, 2003. This is evidenced by Plaintiffs' confrontation with Randy Comer and RE/MAX on May 22, 2003 with regards to the "arbitrary, capricious and discriminatory" building and fire violations issued by the Municipality. *See* Pls.' Compl. at 4 ¶ 19. It is further evidenced by Plaintiffs' assertion that on May 22, 2003, Randy Comer and RE/MAX promised to repair the building and safety violations in lieu of Plaintiffs rescinding their purchase of the hotel. *See id.* at 7 ¶ 41.

Plaintiffs failed to file their § 1983 claim within two years and it must be dismissed.

## SCHEME TO DEFRAUD

Federal civil rules require allegations of fraud to be plead with particularity. *See* Fed. R. Civ. P. 9(b). This is to ensure, "that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). The requisite particularity necessitates the pleading "state the time, place and specific content of the false representations as well as the identities of the parties to the

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Municipality's motion to dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 11 of 14

misrepresentation." *Miscellaneous Service Workers, Drivers & Helpers, Teamsters Local No. 427 v. Philco-Ford Corp., WDL Division*, 661 F.2d 776, 782 (9th Cir. 1981).

Plaintiffs' allegations do not plead fraud with particularity nor are their facts alleged coherent. Plaintiffs' assert in paragraph 31 that Fire Inspector Cleo Hill issued a misleading and fraudulent Certificate of Occupancy on May 22, 2003. *See* Pls.' Compl. at 6 ¶ 31. However, paragraph 17 alleges Fire Inspector Cleo Hill issued a fire inspection report indicating that the hotel had unresolved fire and safety issues, and the fire and safety issues would <u>not</u> be placed on the Certificate of Occupancy. *See id.* at 3-4 ¶ 17. Furthermore, Plaintiffs' do not make it clear whether Fire Inspector Cleo Hill even issued the Certificate of Occupancy. *See id.* at 3-4 ¶ 17-18 (alleging that Randy Comer and RE/MAX obtained from the "Municipality" a Certificate of Occupancy). It is not plain from Plaintiffs' complaint what was falsely represented, what fraud occurred, when it occurred, and who was responsible for the fraud.

## INFLICTION OF EMOTIONAL DISTRESS

Infliction of emotional distress is a tort subject to the two-year statute of limitations. *See* AS 09.10.070. As stated above, the limitations period begins when a party knows or should have known the party had a claim. *See Sengupta*, 21 P.3d at 1249.

Plaintiffs' complaint alleges that it was reasonably foreseeable that upon learning of the hotels actual condition and lack of Certificate of Occupancy, Plaintiffs would suffer emotional distress. *See* Pls.' Compl. at 8 ¶ 48. Plaintiffs' learned of the condition

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Municipality's motion to dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 12 of 14

of the hotel, despite the Certificate of Occupancy on May 22, 2003.  *See id.* at 4 ¶ 19.  This is the date the claim accrued.  Plaintiffs' claim for emotional distress is untimely and must be dismissed.

## CONCLUSION

Based on the foregoing, the Municipality respectfully requests the court dismiss Plaintiffs' claims against the Municipality.  Plaintiffs' claim for inverse condemnation fails because it is not ripe, no compensable regulatory taking has occurred, and Plaintiffs do not have a protected property interest in the Certificate of Occupancy.  Plaintiffs' due process claim under 42 U.S.C. §1983 and claim for emotional distress fail because they were not timely filed.  Plaintiffs' claim for fraud was not plead with particularity and must be dismissed.

RESPECTFULLY submitted this 2nd day of March, 2006.

FREDERICK H. BONESS
Municipal Attorney

By:  s/Joshua M. Freeman
     Joshua M. Freeman
     Assistant Municipal Attorney
     P.O. Box 1996650
     Anchorage, AK  99519-6650
     (907) 343-4545
     (907) 343-4550 – fax
     uslit@muni.org
     Alaska Bar No. 0305015

The undersigned hereby certifies that on March 2, 2006 a
true and correct copy of the Motion to Dismiss
was caused to be served on:

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Municipality's motion to dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 13 of 14

Peter C. Gamache

Mark Sandberg

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing

s/ Joshua M. Freeman
Joshua M. Freeman
Municipal Attorneys Office

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Municipality's motion to dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 14 of 14