Joshua M. Freeman
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
(907) 343-4545

Attorney for Defendant
Municipality of Anchorage

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY M. STAHLMAN, and<br>THE STAHLMAN ARMS BIG TIMBER<br>SUITES AND APARTMENTS, LLC<br><br>.             Plaintiffs,<br><br>v.<br><br>MUNICIPALITY OF ANCHORAGE,<br>A Municipal Corporation,<br>RE/MAX PROPERTIES, INC., and<br>RANDY D. COMER, individually,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

U.S. District Court Case No. A05-298CV (TMB)

## REPLY TO OPPOSITION TO MOTION TO DISMISS

Defendant, Municipality of Anchorage (Municipality), replies to Plaintiffs'

opposition to the Municipality's motion to dismiss.[1]

---

[1] Plaintiffs concede they are not alleging a traditional taking through eminent domain, or a *per se* regulatory taking against the Municipality.  *See* Opp'n. to Municipality's Mot. to Dismiss at 3.  Plaintiffs also clarify that their claim

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Reply to Opposition to Municipality's Motion to Dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 1 of 13

## DISMISSAL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED IS ON THE MERITS

Plaintiffs assert the Municipality's motion to dismiss is inappropriate since it goes to the merits of Plaintiffs' claims: "[I]t appears to be more of a summary judgment motion than a Civil Rule 12(b)(6), asking the court for dismissal on the merits." Opp'n. to Municipality's Mot. to Dismiss. at 2.

However, as is the case with a summary judgment ruling, granting a motion to dismiss requires examination of the merits, because dismissal is on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits'…."). After examination of Plaintiffs' claims, and the merits of Plaintiffs' claims, in the light most favorable to the Plaintiffs, and with all allegations of material fact taken as true, the court must dismiss because Plaintiffs have failed to allege claims upon which relief can be granted.

## IF A DEFENSE DISALLOWS A CLAIM, THE CLAIM MUST BE DISMISSED AS ONE ON WHICH RELIEF CANNOT BE GRANTED

Plaintiffs contend that a motion to dismiss under Rule 12(b)(6), "is not about the adequacy of a defense, but rather about the adequacy of the claims." Opp'n. to Municipality's Mot. to Dismiss. at 6, 10. This is not a valid assertion.

---

for emotional distress is not directed towards the Municipality. *See id.* at 10. The Municipality will direct this reply to the remaining issues set forth in its motion to dismiss and in Plaintiffs' opposition.

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Reply to Opposition to Municipality's Motion to Dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 2 of 13

A motion to dismiss under Rule 12(b)(6) is not about whether a claim was adequately plead, but whether the claim is one on which relief can be granted. If a defense is asserted which disallows the claim, then the claim is one on which relief cannot be granted, and the claim must be dismissed. *See Rivera v. England*, 360 F.Supp.2d 1104, 1111 (D. Haw 2005) ("A motion under Rule 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the Complaint, such as lack of jurisdiction or the statute of limitations."); 5B Wright & Miller, Fed. Prac. & Proc. Civ.3d § 1357 (3d ed. 2005) ("As the case law makes clear, the complaint also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy….").

## INVERSE CONDEMNATION

Plaintiffs' concede they are not alleging a traditional taking through eminent domain. *See* Opp'n. to Municipality's Mot. to Dismiss. at 3. Nor a *per se* regulatory taking, since Plaintiffs have not been, "deprived of all economically beneficial use of the property." *See id.* Rather they assert the Municipality has engaged in a partial regulatory taking. *See id.*

### Partial Regulatory Taking

In *Anchorage v. Sandberg*, referenced by Plaintiffs in their opposition, the Alaska Supreme Court held with regard to partial regulatory takings: "Government actions become 'takings' under principles of inverse condemnation when a private land owner is

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Reply to Opposition to Municipality's Motion to Dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 3 of 13

forced to bear an unreasonable burden as a result of the government's exercise of power in the public interest." 861 P.2d 554, 558 (Alaska 1993) (*citing Agins v. City of Tiburon*, 447 U.S. 255, 260-62 (1980)).

Plaintiffs allege in their complaint: (1) The Municipality fraudulently concealed code, building, and safety defects; (2) the Certificate of Occupancy induced Plaintiffs to purchase the hotel to their detriment; (3) the Certificate of Occupancy was a protected property interest and; (4) the Municipality repeatedly threatened to shut down the hotel based on the violations of the building and safety code. *See* Pls.' Compl. at 5[2]

However, none of these allegations establish a partial regulatory taking, or even reasonably infer a partial regulatory taking. To establish a claim for partial regulatory taking, Plaintiffs need to show, as stated in *Sandberg*: (1) The Municipality exercised its power and; (2) the exercise of the Municipality's power in the public interest placed an unreasonable burden on Plaintiffs. *See* 861 P.2d at 558.

The first part of the test is arguably met, since there is no doubt, for purposes of this reply, that the Municipality exercises power through the Municipality's fire and safety regulations.

However, Plaintiffs' by their own admission have not met the second part of the threshold test to establish the basis of a regulatory taking. Plaintiffs' opposition acknowledges that the Municipality's exercise of its regulatory power <u>did not</u> place an

---

[2] Plaintiffs have no protected property interest in the Certificate of Occupancy as later addressed in this reply.

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Reply to Opposition to Municipality's Motion to Dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 4 of 13

unreasonable burden on Plaintiffs.  This is evidenced by their full support of the Municipality's claim of right to protect the public from safety hazards:  "This assertion is not disputed, but…endorsed."  *See* Opp'n. to Municipality's Mot. to Dismiss. at 3 (emphasis added).  Plaintiffs' further state: "[T]he fire and safety codes advance a vital and legitimate public interest."  *Id.* at 6.  Moreover, Plaintiffs acknowledge that it is not unreasonably burdensome to install the necessary fire and safety upgrades:   "The plaintiffs are not complaining of the cost of the fire and safety upgrades.  They want a safe and secure building, and are not averse to paying for these improvements."  *Id.*  at 3.

This view, that enforcement of the fire and safety code is not an unreasonable burden, corresponds with case law which holds that enforcement of fire and safety regulations are not considered takings.[3]  *See Appolo Fuels, Inc. v. U.S.*, 381 F.3d 1338, 1351 (Fed. Cir. 2004) (holding that government actions designed to protect health and safety outweigh economic injury even if severe); *Devines v. Maier*, 728 F.2d 876, 886 (7th Cir. 1984) (holding that a city may not be held liable for enforcement of the building code since it would be "manifest injustice and contrary to the best interests of society to penalize the… [city] for properly enforcing its building code…."); *Trailer Haven MHP, LLC v. City of Aurora*, 81 P.3d 1132, 1138 (Colo. Ct. App. 2003) (concluding that enforcement of space regulations in a trailer park for health reasons was a reasonable exercise of police powers).  This is the case even when application of the city health code

---

[3]  The court will note that the following cases were previously referenced by the Municipality in its Motion to Dismiss.

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Reply to Opposition to Municipality's Motion to Dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 5 of 13

to private property requires expenditure of money by the landowner. *See D.A.B.E., Inc. v. City of Toledo*, 393 F.3d 692, 696 (6th Cir. 2005) (*citing Third & Catalina Associates v. City of Phoenix*, 895 P.2d 115, 120-21 (Ariz. Ct. App. 1995))

What Plaintiffs are really complaining about is not the Municipality's safety regulations, but the fact that "the cost which they paid to purchase the property did not reflect its true market value." Opp'n. to Municipality's Mot. to Dismiss. at 3. They support this allegation with claims that: (1) The Municipality fraudulently concealed code, building, and safety defects and, (2) the Certificate of Occupancy induced Plaintiffs to purchase the hotel because they believed the hotel was a viable commercial venture. *See* Pls.' Compl. at 5.

However, not only do these claims not support an inverse condemnation claim, they are inconsistent with the facts alleged by the Plaintiffs.[4] According to Plaintiffs' complaint, they purchased the hotel on April 30, 2003. *See id.* at 3. Plaintiffs then recorded the deed on May 1, 2003 and title was transferred to Plaintiffs. *See id.* It was three weeks later on May 22, 2003 that the Certificate of Occupancy was issued. *See id.*

Based on Plaintiffs own complaint, there is no possible way that the Certificate of Occupancy induced Plaintiffs to purchase the hotel, because there was no Certificate of Occupancy when the hotel was purchased by Plaintiffs. While it is true, "[c]ourts must liberally construe and accept as true allegations of fact in the complaint and inferences

---

[4] These facts are better suited for Plaintiffs' claim of fraud rather than an inverse condemnation claim.

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Reply to Opposition to Municipality's Motion to Dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 6 of 13

reasonably deductible therefrom… [it] need not accept factual claims that are internally inconsistent…." *Response Oncology, Inc. v. MetraHealth Ins. Co.*, 978 F.Supp. 1052, 1058 (S.D. Fla. 1997).

## Administrative appeal

Plaintiffs' do not contest the Municipality's assertion that a claim for inverse condemnation is not ripe until the land-use authority has had an opportunity to make a final decision regarding the application of a challenged regulation. *See Palazzolo v. Rhode Island*, 533 U.S. 606, 618-21 (2001) (stating that in accordance with prior precedent: "[A] takings claim challenging the application of land-use regulations is not ripe unless the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." (quotations omitted) (citations omitted)).

However Plaintiffs assert there was no reason to appeal because the Municipality issued a Certificate of Occupancy on May 22, 2003. *See* Opp'n. to Municipality's Mot. to Dismiss. at 4, Pls.' Compl. at 4 ¶ 18. They further assert that it was not until March 16, 2005, when the Municipality issued an eight page report on the hotel's code, building, and safety violations that they realized the extent to which the hotel was in violation of municipal safety regulations. *See id.*, Compl. at 4 ¶ 21

This does not correspond to the facts as plead in the complaint. The Municipality inspected the hotel on May 22, 2003 and found 38 code violations. *See* Compl. at 4 ¶ 19.

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Reply to Opposition to Municipality's Motion to Dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 7 of 13

Plaintiffs knew of this inspection and the violations before March 16, 2005, because Plaintiffs allege they had previously confronted Randy Comer and RE/MAX regarding the May 22, 2003 inspection.  *See id.*

In order to avoid the consequences of failing to appeal, Plaintiffs contend that Randy Comer and RE/MAX promised to fix the violations.  *See id.*  Plaintiffs also contend they were lulled by the Certificate of Occupancy and assurances by Randy Comer and RE/MAX into believing the code violations were manageable and financially feasible.  *See* Opp'n. to Municipality's Mot. to Dismiss. at 4.

Even if true, this does not change the administrative appeal deadline.  Randy Comer and RE/MAX are not agents of the Municipality and cannot bind the Municipality legally nor change the appeal deadline.  Municipal code provided Plaintiffs' with the right of appeal to the board of building examiners and appeals (building board).  *See* AMC 23.65.705.1.1 ("The appeal shall be filed within 30 days from the date of the service of such order or action of the code official.").  Plaintiffs were aware of the May 22, 2003 code violations but Plaintiffs never appealed.

Plaintiffs' claim for inverse condemnation is not ripe and must be dismissed because, "the government entity charged with implementing the regulations has [not] reached a final decision regarding the application of the regulations to the property at issue."  *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 186 (1985).

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Reply to Opposition to Municipality's Motion to Dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 8 of 13

### Protected property interest

Plaintiffs do not contest the Municipality's assertion that property interests are not created by the constitution but are defined by state or local law.  However, Plaintiffs disagree with the Municipality's interpretation of the Alaska Supreme Court case *Spinell*.

The Municipality asserted in its motion to dismiss that *Spinell* concluded that a Certificate of Occupancy was not a protected property interest because the Municipality did not have a mandatory duty to issue it.  *See* Municipality's Mot. to Dismiss at 9-10. Plaintiffs do not disagree with this conclusion.  Rather, they argue the Municipality had a mandatory duty <u>not</u> to issue the Certificate of Occupancy, if there were fire and safety violations.  *See* Opp'n. to Municipality's Mot. to Dismiss. at 4.   And because the Municipality did issue the Certificate of Occupancy, when it should not have, this created a protected property interest.  *See id.*

Plaintiffs are missing the point of takings law.  It is to justly compensate a landowner for property taken by the government for public use through eminent domain or by regulation.  *See U. S. v. Clarke*, 445 U.S. 253, 255 (1980) (describing a traditional "taking."); *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. ----, ----, 125 S.Ct. 2074, 2081 (2005) (*quoting Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922) (stating that "while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking.")).  It may be true that a Certificate of Occupancy issued by the Municipality is a guarantee to third parties.  But it is not reasonable to conclude that

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Reply to Opposition to Municipality's Motion to Dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 9 of 13

takings law permits any third party to demand just compensation from the government based on a guarantee made by the government.  There may be other possible claims to make against the government, but it would not be an inverse condemnation claim.

Moreover, even if the Municipality had an obligation to not issue the Certificate of Occupancy that does not mean the Certificate of Occupancy becomes a property interest under *Spinell*.  *Spinell* held that because the Municipality did not have a mandatory duty to issue a Certificate of Occupancy, there was no property interest.   While the Municipality did issue a Certificate of Occupancy here, it did not have a mandatory duty to do so.  Consequently, Plaintiffs had no property interest under *Spinell*.  *See Spinell*, 78 P.3d at 701 (stating that because there was no mandatory duty to issue a Certificate of Occupancy, it was not possible for plaintiff to establish a protected property interest in a Certificate of Occupancy).

Based on federal and state precedent, and municipal code, Plaintiffs' claims for inverse condemnation based on a property interest in the Certificate of Occupancy must be dismissed since Plaintiffs have no property interest in a Certificate of Occupancy.

## DUE PROCESS (42 U.S.C. § 1983)

The Municipality stands on its argument made in its motion to dismiss and its reliance on *Sengupta v. University of Alaska*, 21 P.3d 1240 (Alaska 2001).  Because Plaintiffs' due process claim was filed outside of the statute of limitations, in order to assert the due process claim they must meet the requirements of the continuing violation

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Reply to Opposition to Municipality's Motion to Dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 10 of 13

theory. *See id*. at 1249. In order to benefit from the continuing violation theory, Plaintiffs must show that a discriminatory act occurred within the limitations period, and that discriminatory act is closely related to the time-barred claims. *See id.*

The most important factor in determining whether due process claims are closely related is the date Plaintiffs knew their rights were violated. *See id.*; *Sabree v. United Broth. of Carpenters and Joiners Local*, 921 F.2d 396, 402 (1st Cir. 1990) ("A knowing plaintiff has an obligation to file promptly or lose his claim."); *Roberts v. Gadsden Memorial Hosp.*, 850 F.2d 1549, 1550 (11th Cir. 1988) ("A claim arising out of an injury which is "continuing" only because a putative plaintiff knowingly fails to seek relief is exactly the sort of claim that Congress intended to bar by the… limitation period.").

Plaintiffs contend in their opposition that their claim was timely because the Municipality continued to violate their due process claims through numerous threats and subsequent citations after the original May 22, 2003 fire inspection notice. However, Plaintiffs were aware of their alleged claim on May 22, 2003. This is evidenced by Plaintiffs' confrontation with Randy Comer and RE/MAX on May 22, 2003 with regards to the "arbitrary, capricious and discriminatory" building and fire violations issued by the Municipality. *See* Pls.' Compl. at 4 ¶ 19. It is further evidenced by Plaintiffs' assertion that on May 22, 2003, Randy Comer and RE/MAX promised to repair the building and safety violations in lieu of Plaintiffs rescinding their purchase of the hotel. *See id.* at 7 ¶ 41.

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Reply to Opposition to Municipality's Motion to Dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 11 of 13

The court must find Plaintiffs' due process claims are barred by the statute of limitations.

## <u>SCHEME TO DEFRAUD</u>

Plaintiffs list ten items to particularize their claim of fraud against the Municipality. Of all ten, only one of the ten items alleges fraud, stating that the Municipality issued a Certificate of Occupancy which was materially misleading and untrue. *See* Opp'n. to Municipality's Mot. to Dismiss. at 10.

No reason is given why the Certificate of Occupancy should be considered materially misleading and untrue. None of the other nine items identified by Plaintiffs in their opposition indicate why the Certificate of Occupancy should be considered fraudulent, or how the Municipality was engaged in a scheme to defraud. Without facts to support their claim of fraud, Plaintiffs' claim is merely a conclusion of law without any substance to support it and it should be dismissed. *See Von Grabe v. Sprint PCS*, 312 F.Supp.2d 1285, 1305 (S.D.Cal. 2003) ("General pleading of the legal conclusion of fraud is insufficient. Courts have explained this rule to require that claims of fraud include the 'who, what, when, where, and how' of the alleged misconduct." (internal citations omitted)).

## <u>CONCLUSION</u>

Based on the foregoing, the Municipality respectfully requests the court dismiss Plaintiffs' claims against the Municipality. Plaintiffs' claim for inverse condemnation

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Reply to Opposition to Municipality's Motion to Dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 12 of 13

fails because it is not ripe, no compensable regulatory taking has occurred, and Plaintiffs

do not have a protected property interest in the Certificate of Occupancy.  Plaintiffs' due

process claim under 42 U.S.C. §1983 fails because it was not timely filed.  Plaintiffs'

claim for fraud was not plead with particularity and must be dismissed.

RESPECTFULLY submitted this 21st day of April, 2006.

FREDERICK H. BONESS
Municipal Attorney

By:     s/Joshua M. Freeman
        Joshua M. Freeman
        Assistant Municipal Attorney
        P.O. Box 1996650
        Anchorage, AK  99519-6650
        (907) 343-4545
        (907) 343-4550 – fax
        uslit@muni.org
        Alaska Bar No. 0305015

The undersigned hereby certifies that on April 21, 2006 a
true and correct copy of the Reply to Opposition to
Motion to Dismiss was caused to be served on:

Peter C. Gamache

Mark Sandberg

by first class regular mail, if noted above, or by electronic
means through the ECF system as indicated on the Notice
of Electronic Filing

s/Joshua M. Freeman
Joshua M. Freeman
Municipal Attorneys Office

Stahlman and Stahlman Arms Big Timber v. Municipality of Anchorage et al.
Reply to Opposition to Municipality's Motion to Dismiss
U.S. District Court Case No. A05-298CV (TMB)
Page 13 of 13