Peter C. Gamache, Esq.
Law office of Peter C. Gamache
405 W. 36th Avenue, Suite 201
Anchorage, Alaska 99503
(907) 563-6969
FAX (907) 563-5083
Email: peter_gamache@yahoo.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY M. STAHLMAN, and ) <br> THE STAHLMAN ARMS BIG TIMBER ) <br> SUITS AND APARTMENTS, LLC ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> vs. ) <br>  ) <br> THE MUNICIPALITY OF ANCHORAGE, ) <br> RE/MAX OF ALASKA, INC., and ) <br> RANDY D. COMER, individually, ) <br>  ) <br> Defendants. ) <br>  ) | Case No. 3:05-cv-00298-TMB |

## MOTION TO REMAND CASE TO STATE COURT
### 28 U.S.C. §1447(c)

The plaintiffs, by and through counsel and pursuant to 28 U.S.C. §1447(c), hereby move to remand the case to state court. Now that defendant Municipality of Anchorage

MOTION TO REMAND
Stahlman, et al. v. MOA, et al
Case No. 3:05-cv-00298-TMB                                                                          Page 1 of 6

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

has been dismissed as a defendant by order and stipulation of the parties, there is no federal question in dispute and the district court lacks subject matter jurisdiction.

### Procedural Background

This case commenced by the filing of the complaint on Nov. 23, 2005 in the Alaska Superior Court. On Dec. 21, 2005, defendant Municipality of Anchorage removed the case to the U.S. District Court.[1] The basis of removal was federal subject matter jurisdiction under 28 U.S.C. §1331. Namely, the complaint alleged against the Municipality violations of the U.S. Constitution and 42 U.S.C. § 1983.

The complaint alleged eight (8) causes of action against the three defendants:

A.  Allegations against Defendant Municipality of Anchorage:

FIRST CAUSE OF ACTION: Inverse Condemnation or the taking of plaintiffs' property without compensation in violation of the Fifth Amendment to the U.S. Constitution and Article I, Section 18 of the Alaska Constitution.

SECOND CAUSE OF ACTION: violation of plaintiffs' rights under 42 USC § 1983, the Fourteenth Amendment to the U.S. Constitution, and the Alaska Constitution.

THIRD CAUSE OF ACTION: a common law scheme to defraud plaintiffs.

B.  Allegations against Defendants RE/MAX Properties, Inc. and Randy D. Comer:

THIRD CAUSE OF ACTION: a common law scheme to defraud plaintiffs.

FOURTH CAUSE OF ACTION: common law misrepresentation.

FIFTH CAUSE OF ACTION: breach of constructive contract.

SIXTH CAUSE OF ACTION: unjust enrichment.

SEVENTH CAUSE OF ACTION: infliction of emotional distress.

EIGHTH CAUSE OF ACTION: breach of covenant of good faith and fair dealing.

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

---

[1] Docket No. 1.

MOTION TO REMAND
Stahlman, et al. v. MOA, et al
Case No. 3:05-cv-00298-TMB                                                                                          Page 2 of 6

By order of May 30, 2006, the court granted the stipulation of the parties dismissing with prejudice defendant Municipality of Anchorage.[2] Along with the Municipality, all allegations of federal violations were likewise dismissed. These included in their entirety the FIRST and SECOND CAUSES OF ACTION which alleged violations of the U.S. Constitution and 42 USC § 1983. Defendants RE/MAX Properties, Inc. and Randy D. Comer were not included in these allegations, and there are no remaining allegations against them based on federal subject matter claims. Therefore, the original basis for removal of this case under 28 U.S.C. § 1331 no longer exists. The District Court now lacks any federal subject matter jurisdiction.

Discussion: Subject Matter Jurisdiction

In 2003 the plaintiffs purchased a commercial property in Anchorage operating as the Big Timber Motel. The sale price was Seven Hundred and Fifty Five Thousand Dollars ($755,000.00). The seller of the Big Timber was represented defendant RE/MAX and it agent defendant Randy Comer.[3] The plaintiffs contend that Mr. Comer made material misrepresentations to Mr. Stahlman as to the property, its condition, and the suitability of its use as a hotel.[4] When the plaintiffs learned from the Municipal Planning Department that the property did not have a Certificate of Occupancy for use as a motel/hotel they sought to rescind the purchase and sale agreement. In response to this demand for rescission, defendants Comer and RE/MAX promised to perform the remedial work needed on the property to obtain a Municipal Certificate of Occupancy as a hotel.[5] These allegations are denied.[6] This lawsuit arose because the loss and harm suffered by plaintiffs resulting from the alleged misrepresentations of defendants.

This case is a commercial dispute between two Anchorage business enterprises regarding Alaska real estate law and practice. It involves no federal claims. Based on

---

[2] Docket No. 30.
[3] Complaint, page 2, paragraphs 6, 7, and 8.
[4] Complaint, page 3, paragraph 10.
[5] Complaint, page 3, paragraphs 14, 15, and 16.
[6] Answer, page 2, paragraphs 14, 15, and 16.

MOTION TO REMAND
Stahlman, et al. v. MOA, et al
Case No. 3:05-cv-00298-TMB                                                                 Page 3 of 6

Law Office of Peter C. Gamache
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

judicial economy, convenience and fairness to the parties, and comity, the Alaska Superior Court is the correct venue for resolving this dispute.

28 U.S.C. § 1447 (c) provides:

**(c)** A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

This motion for remand is timely.  Remand based on lack of subject matter jurisdiction may be made at any time before final judgment.  And although the language of § 1447 (c) is mandatory (i.e. the case **shall** be remanded), removal is entrusted to the sound discretion of the court. Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988). (A federal district court has discretion to remand a properly removed case to state court when all the federal-law claims in the action have been eliminated and only pendent state-law claims remain.) What is settled, however, is that the burden is on the party seeking to preserve the district court's removal jurisdiction, not the party moving for remand to state court. See Sanchez v. Monumental Life Ins. Co., 102 F. 3d 398 (C.A. 9th 1996). Finally, because removal was at the behest of a dismissed party, there is no reasonable basis for requiring payment of costs and fees incurred as a result of the removal.  Neither the plaintiffs nor defendants Randy Comer or RE/MAX sought removal of the case.  Remand by the plaintiffs has been sought at the first opportunity following dismissal of the federal subject matter claims. Therefore, it is just that each should bear its own costs and fees incurred as a result of the removal.

This court has made no substantive rulings regarding the law of the case which would affect or limit the power of the state court to resolve all issues of state law.  Indeed, other

**Law Office of Peter C. Gamache**
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

MOTION TO REMAND
Stahlman, et al. v. MOA, et al
Case No. 3:05-cv-00298-TMB                                                                                             Page 4 of 6

than the stipulation of the parties themselves, the court has not made any rulings affecting the rights and interests of the parties in this case. None of the remaining causes of action involve federal subject matter jurisdiction or requires the expertise of the federal court to resolve. Therefore, the court should decline to exercise supplemental jurisdiction. 28 U.S.C.A. § 1367(c). This case is now essentially a commercial dispute between two Anchorage businesses, and the proper venue for such dispute is in state court. This is an appropriate reason and time for an order of remand. Because the remaining claims against the remaining defendants are based on alleged state causes of action, the case should be litigated in state court.

## Conclusion

This court now lacks any subject matter jurisdiction. Judicial economy, convenience and fairness to the parties, and comity are best served by a remand of this case to state court, a case now based exclusively on state causes of action. Plaintiffs' motion for remand is timely and appropriate under the circumstances, and should be granted.

Dated at Anchorage, Alaska this 17th day of August, 2006

s/ Peter C. Gamache
Law office of Peter C. Gamache
405 W. 36th Avenue, Suite 201
Anchorage, Alaska 99503
(907) 563-6969
FAX (907) 563-5983
Email: peter_gamache@yahoo.com
Alaska Bar No. 8211116

**Law Office of Peter C. Gamache**
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

MOTION TO REMAND
Stahlman, et al. v. MOA, et al
Case No. 3:05-cv-00298-TMB                                                    Page 5 of 6

**Certificate of Service**

The undersigned certifies that on Aug. 17, 2006 a true and correct copy of this Motion to Remand and the Proposed Remand Order were served electronically by the ECF system on:

-Mark A. Sandberg

-Joshua Freeman

s/ Peter C. Gamache

**Law Office of Peter C. Gamache**
405 W. 36th AVENUE, SUITE 201
ANCHORAGE, ALASKA 99503-5872
(907) 563-6969

MOTION TO REMAND
Stahlman, et al. v. MOA, et al
Case No. 3:05-cv-00298-TMB                                    Page 6 of 6